UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY HALE, an individual

    Plaintiff,

v.                                                    Case No:  2:13-cv-434-FtM-38DNF

MT POOLS OF SWFL, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the Plaintiff, Mary Hale's Response (Doc. #21) to the Defendant, MT Pools of SWFL, Inc.'s Motion to Dismiss Counts III and IV of the Plaintiff's Complaint (Doc. # 16) filed on October 13, 2013.

On September 19, 2013, the Defendant filed a Motion to Dismiss Counts III and IV of the Complaint with prejudice (Doc. # 16).  Counts III and IV alleged violations under the Family Medical Leave ACT (FMLA).  The Defendant states that Counts III and IV fail to state a claim because the Plaintiff does not allege that the Defendant employed more than fifty (50) employees during the relevant time period or that the Defendant was an entity with more than fifty (50) eligible employees who worked and lived within a seventy-five (75) mile radius. The FMLA is only applicable to employers with fifty (50) or more employees and is only applicable to eligible employees who work for an entity with fifty (50) or more employees within a seventy-five (75) mile radius. See 29 U.S.C. § 2611(2)(B)(ii); 29 U.S.C. § 2611(4).  Because Plaintiff Hale failed to establish that the Defendant met the criteria to be covered by the FLMA, the Defendant moves to dismiss Counts III and IV for failure to state a claim.

In her Response, Hale agrees with the Defendant that Counts III and IV do not-- at this time-- state a claim pursuant to the FMLA and moves the Court to voluntarily dismiss the Counts without prejudice under Fed. R. Civ P. 41(a)(2).  However, in the Eleventh Circuit, "precedent dictates that Rule 41 allows a plaintiff to dismiss all of [her] claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." Campbell v. Altec Indus., Inc., 605 F.3d 839, 841 n.1 (11th Cir. 2010).  As Plaintiff is only seeking to dismiss Counts III and IV, the voluntary dismissal will be denied.  Instead, the Court will Construe the Response as an unopposed motion to amend and Plaintiff will be granted leave to file an Amended Complaint without Counts III and IV.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Mary Hale's Response (Doc. #21) to the Defendant, MT Pools of SWFL, Inc.'s Motion to Dismiss Counts III and IV of the Plaintiff's Complaint construed as a Motion to Amend is **GRANTED.**   Plaintiff has up to and including **October 28, 2013**, to file her Amended Complaint without Counts III and IV.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of October, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

2